UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOHN J. GONZALEZ,

                Plaintiff,

    -against-                                    **COMPLAINT**

THE CITY OF NEW YORK,
SHELDON MALCOLM,
                                                    **PLAINTIFFS DEMAND**
                          Defendants.                **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff John González, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff John J. González was an adult male, resident of Queens County, within the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all times hereinafter mentioned, Sheldon Malcolm was a member of the NYPD and employed, retained, trained, and supervised by New York City. Defendant Sheldon Malcolm is sued herein in his official and individual capacities.

        4.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, *et seq*. in the Eastern District of New York, where defendant City of New York resides, and where the majority of the actions complained of herein occurred.

6. That at all times relevant herein, the defendant was on duty and was acting within the scope of his employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**RELEVANT FACTS**

7. On or about May 5, 2014, at or about 4:30 a.m., plaintiff John J. González was asleep inside his home, located at 231-30 87th Avenue, Queens, New York, ("the premises,") when defendant Sheldon Malcolm, who was outside of the premises, knocked on the front door of said premises.

8. Another individual who lived in plaintiff's residence answered defendant's knock by opening the premises' front door.

9. Shortly after the front door of the premises was opened, plaintiff approached a foyer area inside the front door of the premises.

10. Plaintiff then asked the defendant what he wanted.

11. The defendant said he wanted to enter the premises, and plaintiff denied defendant said entry.

12. At the time of the encounter between the plaintiff and the defendant, the defendant was investigating a car-jacking crime that had occurred earlier that date.

13. Defendant had previously received reliable information that someone

other than the plaintiff had committed the car-jacking.

14. Despite having reliable information that plaintiff did not commit the car-jacking crime, defendant detained the plaintiff and perpetrated an unconstitutional and unreliable "show-up" of the plaintiff with the crime victim.

15. The defendant, holding plaintiff in custody at the front of the premises, showed the plaintiff to the crime victim, who was seated in a vehicle in the street.  The conditions surrounding the show-up were deficient, and the defendant knew the plaintiff was not the perpetrator of the car-jacking.  Such knowledge on the part of the defendant made the show-up illegal and unconstitutional.

16. The plaintiff was eventually transported in handcuffs from the premises to a local area NYPD station house, where he was further detained and processed.

17. While plaintiff was falsely arrested by Defendant Sheldon Malcolm, Defendant Sheldon Malcolm also completed arrest paperwork which, upon information and belief, alleged that the plaintiff had committed the crimes of Grand Larceny in the Fourth Degree, Criminal Possession of Stolen Property in the Fourth Degree, and Unauthorized Use of a Vehicle in the Third Degree.

18. All of the above-mentioned charges against the plaintiff were false, and Defendant Sheldon Malcolm knew as much.

19. Defendant Sheldon Malcolm forwarded these false allegations to the Queens County District Attorney ("QCDA") or the Queens County Criminal Court ("QCCC") in order to justify the arrest and to persuade the QCDA or QCCC to commence

and/or continue the plaintiff's criminal prosecution, resulting in Queens County Criminal Court Docket #2014QN026032.

20. Defendant Sheldon Malcolm knew and understood that the QCDA and the QCCC were relying on the truthfulness of Defendant Sheldon Malcolm's claims and statements in order to evaluate whether to commence a criminal prosecution against the plaintiff. Defendant Sheldon Malcolm was aware that the QCDA and the QCCC assumed that all of the factual statements, claims and allegations that the defendant relayed to the QCDA and the QCCC were truthful in all material respects.

21. Defendant Sheldon Malcolm further knew and understood that he was obligated to provide any and all exculpatory information to the QCDA and the QCCC, and that Defendant Sheldon Malcolm was expected to turn over to or otherwise provide the QCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

22. Plaintiff was held in a NYPD station house, and then transported, in custody, to central booking, where he was held until he appeared for arraignment before a Queens County Criminal Court Judge.

23. Plaintiff was released on his own recognizance by a Queens County Criminal Court Judge, many hours after being falsely arrested by the defendant.

24. The plaintiff appeared on various subsequent dates in Court as required, and his case was adjourned in contemplation of dismissal ("ACD'ed") on September 18, 2014.

25. At no time did Defendant Sheldon Malcolm have probable cause to seize, detain or arrest the plaintiff, nor was it reasonable for the defendant to believe that such cause existed.

26. Despite the absence of probable cause and a lack of evidence indicating criminal conduct by the plaintiff, the Defendant Sheldon Malcolm proceeded with the arrest of the plaintiff herein. Defendant NYC and the individual defendant officer, in his official and personal capacities, did unlawfully arrest the plaintiff in order to increase the arrest statistics for their unit.

27. At no time did the defendant, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by a New York City Police Officer against the plaintiff.

28. The defendant's illegal, unlawful, and unconstitutional actions against the plaintiff in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made, without regard to probable cause.

29. More precisely, under the above-mentioned plan or policy, New York City Police Officers would routinely arrest persons, regardless of whether there was any factual basis for the charges. The arresting officer would then make false statements of fact to attempt to justify the arrest.

30. The purpose of this plan or policy was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

31. In addition, the plaintiff herein alleges that members of the New York City Police Department are evaluated, at least in part, on the basis of their "activity," which is measured by the number of arrests made, and other, similar criteria. Thus, members of the New York City Police Department routinely make arrests and engage in other police conduct without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

32. The above-mentioned plan or policy has been kept in effect through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests, or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed, as was the case herein.

33. That at all times relevant herein, the defendant was acting within the scope of his employment, and the defendant's acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

34. Plaintiff repeats the allegations contained in each of the preceding paragraphs.

35. Defendant willfully and intentionally seized and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

36. The defendant intentionally fabricated evidence and denied plaintiff's right to due process by ignoring clear, reliable evidence of plaintiff's innocence, by the unlawful manipulation of a show-up procedure, and by forwarding materially false factual claims to the Queens County District Attorney's Office ("QCDA") in order to bring about and cause the criminal prosecution of the plaintiff.

37. By doing so, the individual defendant subjected the plaintiff to false arrest and imprisonment and the deprivation of the plaintiff's right to due process and a fair trial through the use of fabricated and false evidence, and thereby violated the plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

38. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of plaintiff's constitutional rights.

## SECOND CAUSE OF ACTION

39. Plaintiff repeats the allegations contained in each of the preceding paragraphs.

40. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the New York City Police Department ("NYPD").

41. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its

members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendant New York City took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members would engage in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

42. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the New York City Police Department Patrol Guide, up to and beyond the plaintiff's arrest.

43. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD to properly select, train, supervise, investigate, promote and discipline police and supervisory officers.

44. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

45. The official policies, practices and customs of the City of New York

and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

46. All the acts and omissions by the individual defendant described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD, all under the supervision of ranking officers of the NYPD.

47. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD, and the City of New York has been deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and in fact caused the actual violation of the plaintiff's rights in particular.

48. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of plaintiff's constitutional rights.

## THIRD CAUSE OF ACTION

49. Plaintiff repeats the allegations contained in each of the preceding paragraphs.

50. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, subjected to false arrest and imprisonment due to the actions of the individual defendant, who was a member of the NYPD, and also was an employee of the City of New York.

51. The municipal defendant City of New York is therefore vicariously liable to plaintiff for the unlawful seizure, false arrest and imprisonment of plaintiff by the individual defendant New York City Police Officer under the doctrine of *respondeat superior*.

52. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action, actual damages in an amount to be determined at trial;

iii. on the third cause of action, actual damages in an amount to be determined at trial;

iv. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

v. such other relief as the Court may deem just and proper.

Dated: New York, New York
        June 16, 2015

                                        LUMER & NEVILLE
                                        Attorneys for Plaintiffs
                                        225 Broadway, Suite 2700
                                        New York, New York 10007
                                        (212) 566-5060

                                        /s/
                         By: _____
                                      James C. Neville (JN-2128)